[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
From the admissions in the pleadings and the evidence deemed credible, the court makes the following findings of fact.
1. Tobia Soriero and Michael N. DeZinno entered into a written agreement on July 28, 1986 to sell and buy a certain piece of commercial real estate located at the corner of Meriden Road and Store Avenue in Waterbury, Connecticut. Plaintiff's Exhibit C.
2. DeZinno assigned his rights in this written agreement to the plaintiff here, David Bender.
3. According to paragraph 11 of the agreement, two alternate dates for the closing of title were specified:
 a. ". . . on or before the 45th day following receipt in writing of waiver of right of first refusal by Dwight Steisel and Janet Ollero of Cheshire Connecticut.(sic) or on such other date that may be mutually agreeable to all parties at which time the deed of conveyance shall be delivered. . . ." Plaintiff's Exhibit C 11.
4. Soriero never obtained the written waiver contracted for in paragraph 11 of the buy and sell agreement from Dwight Steisel and Janet Ollero, who were his tenants in the subject property pursuant to a written lease. See Defendant's Exhibit 2.
5. The plaintiff is the actual and bona fide owner of the contract and he with Michael N. DeZinno has performed all of the conditions of the agreement, including paying over to Tobia Soriero the down payment of $25,000 specified in the agreement.
6. "Although requested to do so, the defendant has failed, refused, and neglected to return the deposit to the plaintiff or Michael DeZinno." Amended Complaint, dated September 17, 1990, count 1, 5.
CONCLUSION CT Page 4277
Tobia Soriero has breached the agreement and illegally holds the $25,000 deposit monies. Accordingly, David Bender is awarded $25,000 damages.
WILLIAM PATRICK MURRAY, J. A Judge of the Superior Court